IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACKIE TAYLOR,<br><br>          Plaintiff,<br><br>vs.<br><br>MICHAEL YOUNG, University of Utah President; UNIVERSITY OF UTAH OFFICE OF STUDENT DISABILITY; JOE PETE WILSON; SYDNEY DAVIS; DIVISION OF VOCATIONAL REHABILITATION; STACIE CUMMINGS; and DON UCHIDA,<br><br>          Defendants. | MEMORANDUM DECISION and REPORT and RECOMMENDATION TO GRANT MOTION TO DISMISS<br><br>Case No: 2:08-cv-177 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

Defendants University of Utah Center for Disability Services and Joe Pete Wilson filed a motion dismiss this action pursuant to Federal Rules of Civil Procedure 12(b) and 12(c).[1] District Judge Dee Benson referred this case to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) to submit a report and recommendation for the proper resolution of dispositive matters presented.[2] After the time to respond to the motion had lapsed, the court issued an order taking the motion under advisement, set an extended new response deadline, and gave Plaintiff notice that failure to respond to the motion could result in granting the motion to dismiss.[3] Plaintiff did not file a response. Accordingly, under the local rules, the court could grant the

---

[1] Defendants' University of Utah Center for Disability Services and Joe Pete Wilson Motion to Dismiss, docket no. 26, filed 6/26/08.

[2] Order of Reference, docket no. 28, filed 6/30/08.

[3] Order, docket no. 33, filed 7/29/08.

motion based upon Plaintiff's failure to respond.[4]  In this case, however, the court recommends that the case be dismissed based on the substantive reasons raised in Defendants' memorandum in support[5] of the motion to dismiss.

Plaintiff is proceeding *pro se* in this matter and therefore, the court construes the complaint liberally.[6]  But the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[7]  Plaintiff was ordered[8] to file an amended complaint that complies with the Federal Rules of Civil Procedure[9] and is clear and specific in stating her claims and the supporting facts.  The amended complaint[10] simply added additional claims and defendants, and is still unclear as to "which specific causes of action Plaintiff alleges."[11]   After a careful reading of the amended complaint, the court agrees with Defendants' assessment that:

> 5. The Amended Complaint refers to and appears to allege violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* [Docket No. 16-3]

---

[4] DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

[5] Defendants' University of Utah Center for Disability Services and Joe Pete Wilson Memorandum in Support of Motion to Dismiss (Memorandum in Support), docket no. 27, filed 6/26/08.

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[8] Order Granting Motion for a More Definite Statement, docket no. 12, filed 5/16/08.

[9] *See* F.R.Civ.P 8(a)(2) (stating "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

[10] Amended Complaint, docket no. 16, filed 6/10/08.

[11] Order Granting Motion for a More Definite Statement at 3, docket no. 12.

> 6. Although hard to discern from the filed documents, it appears that as specific allegations in the Amended Complaint Plaintiff alleges that Defendants University of Utah Center for Disability Services and Joe Pete Wilson violated the ADA by 1) failing to allow the Plaintiff to see an assigned student housing unit before moving in; 2) failing to provide note takers in a timely manner; and 3) failing to provide computer training. [Docket No. 16-3][12]

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III."[13] The United States Supreme Court has held the Eleventh Amendment[14] protects states from suits by private individuals in federal court to enforce provisions under Title I.[15] Under Title II, the ADA may abrogate state sovereign immunity but only "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment."[16]

In this case, a liberal reading of Plaintiff's complaint suggests allegations that Defendants (1) did not allow Plaintiff to see an assigned student housing unit before moving in, (2) did not provide note takers in a timely manner, and (3) did not provide computer training. None of the acts alleged in the complaint rise to the level of a constitutional violation under the Fourteenth

---

[12] Memorandum in Support at 2.

[13] *Tennessee v. Lane*, 541 US 509, 516-17(2004).

[14] U.S. Const. amend. XI.

[15] *Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356 (2001).

[16] *United States v. Georgia,* 546 U.S. 151, 159 (2006).

Amendment.  Accordingly, Title II does not abrogate the state's sovereign immunity in this case, and Plaintiff is precluded from suing University of Utah Center for Disability Services.

Additionally, "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."[17]  Therefore, the ADA only provides for employer liability, not individual liability.  Consequently, Plaintiff may not sue Joe Pete Wilson as an individually named defendant.

## RECOMMENDATION

Plaintiff's Amended Complaint should be dismissed because the State of Utah is immune from suit on the allegations raised in this case under the ADA, and because individual defendants cannot be held liable for the alleged violations of the ADA.

## NOTICE TO PARTIES

Within 10 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may

---

[17]*Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).

accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

September 10, 2008.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge